JOSHUA LINGEBACH,

        Petitioner,

v.                              Case No. 3:15-cv-1381-J-39PDB

JULIE JONES AND FLORIDA
ATTORNEY GENERAL,

        Respondents.

_____

**ORDER**

**I.  INTRODUCTION**

Petitioner Joshua Lingebach challenges a 2007 Duval County conviction for armed robbery.  <u>See</u> Amended Petition for Writ of Habeas Corpus (Amended Petition) (Doc. 8).  He raises four claims for habeas relief, claiming he received the ineffective assistance of trial or appellate counsel.  This Court must be mindful that in order to prevail on this Sixth Amendment claim, Petitioner must satisfy the two-pronged test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different).  Also of note,

when addressing a claim of ineffective assistance of appellate counsel, the two-part <u>Strickland</u> standard is applicable.

Respondents filed an Answer in Response to Order to Show Cause and Petition for Writ of Habeas Corpus (Response) (Doc. 19) and ask that the Amended Petition be denied. In support of their Response, they submitted Exhibits (Doc. 19).[1] Petitioner filed a Reply to Respondents' Answer Brief (Reply) (Doc. 20).

## II. CLAIMS OF PETITION

Petitioner raises four grounds in his Amended Petition. They are: (1) the ineffective assistance of appellate counsel for failure to assert as error the trial court's denial of the motion to suppress physical evidence; (2) the ineffective assistance of appellate counsel for failure to argue on direct appeal that trial counsel was ineffective for failing to make certain arguments during the hearing on the motion to suppress;[2] (3) the ineffective

---

[1] The Court hereinafter refers to the Exhibits as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the exhibit. Otherwise, the page number on the particular document will be referenced. The Court will reference the page numbers assigned by the electronic docketing system where applicable.

[2] Although Petitioner briefly states that he is raising a claim of ineffective assistance of appellate counsel for failure to assert on appeal the trial court's denial of motion to discharge counsel, Amended Petition at 14, upon review of the underlying facts in support of ground two, Petitioner is actually claiming that appellate counsel failed to argue that trial counsel was ineffective for failing to make certain arguments during the suppression hearing. <u>Id</u>. at 14-20. As such, the Court will address the claim as fully set forth in the supporting facts.

assistance of trial counsel for failure to do anything about a sleeping juror; and (4) the ineffective assistance of trial counsel for failure to accuse an officer of committing fraud through a written report.

Respondents contend that ground one is without merit and the First District Court of Appeal's decision is due deference. Response at 6-13. They assert that ground two, raised for the first time in the Amended Petition, is untimely and should be dismissed as untimely; otherwise, they contend it is without merit. Id. at 13-18. If found to be timely, they assert deference is due to the state court's ruling. Id. With regard to ground three, Respondents claim it is also untimely raised as it does not relate back to the original petition and it was raised after the relevant one-year limitation period expired. Id. at 18. If found to be timely filed by this Court, Respondents contend the state court's ruling on this ground is entitled to deference. Id. at 19. Finally, concerning ground four, Respondents assert it is barred as unexhausted and procedurally defaulted. Id. at 20-22. Alternatively, they assert deference is due to the state court's decision. Id. at 23-24.

The Court will address Petitioner's four grounds, see Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992), but no evidentiary proceedings are required in this Court.

## III. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal petition for habeas corpus. See 28 U.S.C. § 2254; Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S.Ct. 1432 (2017). "AEDPA limits the scope of federal habeas review of state court judgments[.]" Pittman v. Sec'y, Fla. Dep't of Corr., 871 F.3d 1231, 1243 (11th Cir. 2017). As such, AEDPA ensures that federal habeas relief is limited to extreme malfunctions, and not used as a means to attempt to correct state court errors. Ledford, 818 F.3d at 642 (quoting Greene v. Fisher, 132 S.Ct. 38, 43 (2011)).

The Eleventh Circuit recently outlined the parameters of review:

> Thus, under AEDPA, a person in custody pursuant to the judgment of a state court shall not be granted habeas relief on a claim "that was adjudicated on the merits in State court proceedings" unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or ... was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "For § 2254(d), clearly established federal law includes only the holdings of the Supreme Court—not Supreme Court dicta, nor the opinions of this Court." Taylor v. Sec'y, Fla. Dep't of Corr., 760 F.3d 1284, 1293-94 (11th Cir. 2014).

As for the "contrary to" clause, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." <u>Terry Williams v. Taylor</u>, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Under the "unreasonable application" clause, a federal habeas court may "grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts." <u>Id</u>. at 413, 120 S.Ct. 1495. "In other words, a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" <u>Wiggins v. Smith</u>, 539 U.S. 510, 520, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (quoting <u>Lockyer v. Andrade</u>, 538 U.S. 63, 76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)). And "an 'unreasonable application of' [Supreme Court] holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice." <u>Woods v. Donald</u>, --- U.S. ----, 135 S.Ct. 1372, 1376, 191 L.Ed.2d 464 (2015) (per curiam) (quotation omitted). To overcome this substantial hurdle, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." <u>Harrington v. Richter</u>, 562 U.S. 86, 103, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011). This is "meant to be" a difficult standard to meet. <u>Id</u>. at 102, 131 S.Ct. 770.

<u>Pittman</u>, 871 F.3d at 1243-44.

There is a presumption of correctness of state court's factual findings, unless the presumption is rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The standard of

proof is demanding, requiring that a claim be highly probable. Bishop v. Warden, GDCP, 726 F.3d 1243, 1258 (11th Cir. 2013), cert. denied, 135 S.Ct. 67 (2014). Also, the trial court's determination will not be superseded if reasonable minds might disagree about the factual finding. Brumfield v. Cain, 135 S.Ct. 2269, 2277 (2015). Also of note, "[t]his presumption of correctness applies equally to factual determinations made by the state trial and appellate courts." Pope v. Sec'y for Dep't of Corr., 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003)), cert. denied, 568 U.S. 1233 (2013).

In applying AEDPA deference, the first step is to identify the last state court decision that evaluated the claim on its merits. Marshall v. Sec'y, Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016).[3] Once identified, the Court reviews the state court's decision, "not necessarily its rationale." Pittman, 871 F.3d at 1244 (quoting Parker v. Sec'y for Dep't of Corr., 331 F.3d 764, 785 (11th Cir. 2003) (citation omitted)).

Regardless of whether the last state court provided a reasoned opinion, "it may be presumed that the state court adjudicated the

---

[3] As suggested by the Eleventh Circuit in Butts v. GDCP Warden, 850 F.3d 1201, 1204 (11th Cir. 2017), petition for cert. filed, (U.S. Sept. 29, 2017) (No. 17-512), in order to avoid any complications if the United States Supreme Court decides to overturn Eleventh Circuit precedent as pronounced in Wilson v. Warden, Ga. Diagnostic Prison, 834 F.3d 1227 (11th Cir. 2016) (en banc), cert. granted, 137 S.Ct. 1203 (2017), this Court, will employ "the more state-trial-court focused approach in applying § 2254(d)[,]" where applicable.

claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington v. Richter, 562 U.S. 86, 99 (2011). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Richter, 562 U.S. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).

Where the last adjudication on the merits is unaccompanied by an explanation, the petitioner must demonstrate there was no reasonable basis for the state court to deny relief. Id. at 98. "[A] habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the] Court." Richter, 562 U.S. at 102; Marshall, 828 F.3d at 1285.

Although the § 2254(d) standard is difficult to meet, it was meant to be difficult. Rimmer v. Sec'y, Fla. Dep't of Corr., No. 15-14257, 2017 WL 5476795, at *11 (11th Cir. Nov. 15, 2017) (opining that to reach the level of an unreasonable application of federal law, the ruling must be objectively unreasonable, not merely wrong or even clear error). Indeed, in order to obtain habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented . . . was so lacking in justification that there was an error well understood and

comprehended in existing law beyond any possibility for fairminded disagreement." <u>Richter</u>, 562 U.S. at 103.

## IV.   PROCEDURAL HISTORY

Respondents provide the procedural history in their Response. Response at 1-3.

## V.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.   Ground One

In his first ground, Petitioner claims his appellate counsel was ineffective for failure to assert that the lower court erred in determining that Petitioner's motion to suppress physical evidence should be denied.   Amended Petition at 5.   Petitioner raised this claim in his Petition for Belated Appeal, construed to be a petition alleging ineffective assistance of appellate counsel.   Ex. F.   The First District Court of Appeal (1st DCA) denied the petition alleging ineffective assistance of appellate counsel on its merits.   Ex. G.   Petitioner moved for rehearing, Ex. H, and the 1st DCA denied the motion.   Ex. I.

Thus, there is a qualifying state court opinion for AEDPA purposes.   Based on the 1st DCA's denial of the claim on its merits, this Court must "review it using the deferential standard set out in § 2254(d)(1)." <u>Rambaran v. Sec'y, Dep't of Corr.</u>, 821 F.3d 1325, 1330 (11th Cir.), <u>cert</u>. <u>denied</u>, 137 S.Ct. 505 (2016).

The two-part <u>Strickland</u> test is applicable to a claim of ineffective assistance of appellate counsel:

To prevail on a claim of ineffective assistance of appellate counsel, a habeas petitioner must establish that his counsel's performance was deficient and that the deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Brooks v. Comm'r, Ala. Dep't of Corr., 719 F.3d 1292, 1300 (11th Cir. 2013) ("Claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under Strickland.") (quotation marks omitted). Under the deficient performance prong, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688, 104 S.Ct. at 2064. "The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." Harrington, 562 U.S. at 105, 131 S.Ct. at 788 (quotation marks and citations omitted); see also Gissendaner v. Seaboldt, 735 F.3d 1311, 1323 (11th Cir. 2013) ("This double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.") (quotation marks and alteration omitted). "If this standard is difficult to meet, that is because it was meant to be." Harrington, 562 U.S. at 102, 131 S.Ct. at 786.

Rambaran, 821 F.3d at 1331.

Reviewing the record before the Court, appellate counsel did not perform deficiently. She raised the issue that Petitioner was deprived of his right to a fair trial by the prosecutor's closing argument. Ex. B; Ex. C. The 1st DCA agreed that the "statement made during closing argument by the prosecutor was inappropriate[,]" but found that the overwhelming evidence of guilt

means the error "could not have reasonably affected or contributed to the verdict[,]" and ultimately concluded that but for the overwhelming evidence of guilt, the inappropriate comment on Petitioner's right to a jury trial would have required reversal. Ex. D.

Appellate counsel presented a persuasive argument that the comment constituted an inappropriate comment by the prosecutor on Petitioner's right to jury and penalized him for exercising his constitutional rights. Ex. B at 8. Counsel urged the 1st DCA to find that this was a comment on Petitioner exercising his right to a jury trial. Id. at 10. Counsel submitted that not only was the comment improper, it constituted reversible error. Id. In closing, counsel asserted Petitioner's entitlement to a new trial. Id. at 12.

In this ground for habeas relief, Petitioner urges the Court to find that appellate counsel was ineffective because she failed to assert as error the trial court's denial of the motion to suppress physical evidence. Petition at 5. Apparently Petitioner maintains that appellate counsel should have relied upon the argument that the stop was initiated without sufficient information, asserting all four BOLOs[4] were not available to Officer Kindon at the time of the stop and the exact content of the available BOLOs was not settled at the suppression hearing; the

---

[4] The term BOLO is an acronym for "Be on the lookout."

stop constituted an investigatory stop from inception; and the Fourth Amendment prohibited the investigatory stop because there was not a well-founded, articuable suspicion of criminal activity. Id. at 9-11.

The record shows that the circuit court conducted a hearing on the motion to suppress physical evidence. Ex. A at 87-115. Initially, the court acknowledged that it was a warrantless search with the burden on the state. Id. at 91. The state called Laurie Kindon, the police officer that encountered Petitioner. Id. at 92-104. She testified that the description of the vehicle used in the armed robberies had been described as a dark green older model vehicle. Id. at 93. She then heard a BOLO describing the vehicle as a Mazda 626, dark green in color, older model. Id. at 94. She observed a vehicle matching this description. Id. The robbers were described as a black male and a white male, or an Hispanic male and a white male. Id. She also had received information from a BOLO that one of the occupants was wearing a dark-colored hoodie. Id. After she saw the vehicle, she observed it abruptly move into the left-hand lane, make a hard left, and then a right into a parking lot, proceeding at a high rate of speed recklessly across the parking lot, until it came to a stop and the doors opened. Id. at 95-96. After detaining the occupants, a white male and a black male,[5] she observed a laptop or laptop case and some purses in

_____

[5] Officer Kindon testified that one of the occupants of the vehicle was wearing a dark hoodie. Ex. A at 97.

plain view.  Id. at 97-98.  A dark-colored hoodie was found in the
vehicle.  Id. at 99.

On cross, Officer Kindon stated that the BOLO providing the
specific information regarding the Mazda 626 came out about an hour
before she saw the suspect vehicle.  Id. at 102.  Robert Rose,
another police officer, testified that one of the BOLOs said that
a laptop computer and a silver purse had been taken in a robbery.
Id. at 105.

After the court heard argument, it made this finding:

> All right.  Well, in the first place, I
> believe there was probable cause to make the
> arrest.  When she [Officer Kindon] got out of
> the car she sees a make and model of the same
> description, she sees occupants who match at
> least one of the BOLOs, one of them is dressed
> the same as one of the occupants.  It takes --
> you call it careless, she calls it reckless,
> elusive actions, and I think when that car
> stops she had probable cause to arrest for the
> robbery.  She certainly had reasonable
> suspicion that they had committed the robbery
> to make a Terry stop and, of course, the plain
> view of the occupant -- of the items in the
> vehicle.  If she didn't have probable cause
> before that, it gave her probable cause at
> that point.  And I, contrary to what you
> think, I think she did have the right to
> detain them for the traffic infraction,
> whether it be a traffic infraction or a
> criminal infraction.  So I'm going to deny the
> motion.

Id. at 114-15.

In this instance, there is a reasonable basis for the state
court to deny relief on the claim of ineffective assistance of
appellate counsel; therefore, the denial must be given deference.

Ex. G.  On this record, the Court finds that the 1st DCA could have reasonably determined that appellate counsel was not ineffective for not arguing that the trial court erred in denying the motion to suppress physical evidence.  "Claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under <u>Strickland</u>."  <u>Philmore v. McNeil</u>, 575 F.3d 1251, 1264 (11th Cir. 2009) (per curiam) (citing <u>Heath v. Jones</u>, 941 F.2d 1126, 1130 (11th Cir. 1991)), <u>cert</u>. <u>denied</u>, 559 U.S. 1010 (2010).  The Eleventh Circuit has explained that "[i]n assessing an appellate attorney's performance, we are mindful that 'the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue.' [...]  Rather, an effective attorney will weed out weaker arguments, even though they may have merit."  <u>Id</u>. (citing <u>Heath</u>, 941 F.2d at 1130-31).

Indeed, the "winnowing out of weaker arguments" is the "hallmark of effective advocacy." <u>Smith v. Murray</u>, 477 U.S. 527, 536 (1986).  There was ample reason to detain Petitioner under the circumstances described by Officer Kindon; therefore, appellate counsel's decision to focus on the more promising issue of the prosecutor's improper comments during closing argument did not amount to deficient performance.  Furthermore, Petitioner was not prejudiced as there was ample reason for the trial court to deny the motion to suppress.

The 1st DCA's decision is not inconsistent with Supreme Court precedent, including <u>Stickland</u> and its progeny.  Thus, the state

court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts. Accordingly, ground one is due to be denied.

## B. Ground Two

In his second ground, Petitioner raises the claim that he received the ineffective assistance of appellate counsel for appellate counsel's failure to argue on direct appeal that trial counsel was ineffective for failing to make certain arguments during the hearing on the motion to suppress. Petition at 14-20. Respondents contend this claim is untimely filed as it was not raised in the original petition filed in this Court and the new claim does not relate back to the timely filed petition. Response at 13, 15-16.

There is a one-year period of limitation under AEDPA:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the
constitutional right asserted was
initially recognized by the Supreme
Court, if the right has been newly
recognized by the Supreme Court and
made retroactively applicable to
cases on collateral review; or

(D) the date on which the factual
predicate of the claim or claims
presented could have been discovered
through the exercise of due
diligence.

(2) The time during which a properly filed
application for State post-conviction or other
collateral review with respect to the
pertinent judgment or claim is pending shall
not be counted toward any period of limitation
under this subsection.

28 U.S.C. § 2244(d).

In order to properly address the timeliness issue, the Court

will review and consider the relevant procedural history. A jury

found Petitioner guilty of armed robbery with a firearm and that he

possessed a firearm during the commission of the offense. Ex. A at

60; Ex. A, Jury Trial Transcript at 188. On February 20, 2007, the

court entered judgment and sentence. Ex. A at 65-70. Petitioner

appealed. Id. at 78; Ex. B; Ex. C. On September 22, 2008, the 1st

DCA affirmed, issuing a written opinion. Ex. D. The mandate

issued on October 8, 2008. Ex. E.

Because the 1st DCA issued a written opinion, the possibility

existed that the Florida Supreme Court could exercise its

discretionary jurisdiction under Rule 9.030(a)(2)(A), Fla. R. App.

P., if invoked by notice filed pursuant to Rule 9.120(b), Fla. R.

App. P., within thirty days of the 1st DCA's opinion.  Petitioner

did not file such a notice.  Here, Petitioner did not appeal to the

state's highest court; therefore, his judgment became final when

his time for seeking discretionary review with the state's highest

court expired.  Thus, his conviction became final on Wednesday,

October 22, 2008 (30 days after September 22, 2008).[6]  See Gonzalez

v. Thaler, 565 U.S. 134, 154 (2012) ("with respect to a state

prisoner who does not seek review in a State's highest court, the

judgment becomes 'final' under § 2244(d)(1)(A) when the time for

seeking such review expires").

     As such, the limitation period began to run on October 23,

2008, and ran for 160 days, until Petitioner filed his petition

alleging ineffective assistance of appellate counsel on April 1,

2009, pursuant to the mailbox rule.  Ex. F.  On April 23, 2009, the

1st DCA denied the petition on its merits.  Ex. G.  Petitioner

moved for rehearing, Ex. H, and the 1st DCA denied rehearing on

June 2, 2009.  Ex. I.

---

[6] Respondents calculate that Petitioner's conviction became
final on Friday, November 7, 2008, counting 30 days from the date
the mandate issued on October 8, 2008.  Response at 14.  This
calculation is incorrect, however, as the notice seeking
discretionary review must be filed in the district court of appeal
"within 30 days of the rendition of the order to be reviewed."
Rule 9.120(b), Fla. R. App. P.  Importantly, the order to be
reviewed was the 1st DCA's September 22, 2008 opinion affirming
Petitioner's conviction.  An order is rendered when signed.  See
Dailey v. Crews, No. 3:13-cv-148-WS/EMT, 2014 WL 2158428, at *4 n.2
(N.D. Fla. May 23, 2014) (not reported in F.Supp.3d).

Meanwhile, on May 20, 2009, Petitioner filed a Rule 3.850 motion in the state circuit court, and the court denied the motion. Ex. L. On April 23, 2015, the 1st DCA per curiam affirmed. Ex. P. The mandate issued on May 19, 2015. Ex. Q. The limitation period began to run on May 20, 2015, and the one-year period expired 205 days later, on Friday, December 11, 2015. Therefore, ground two of the Amended Petition, filed pursuant to the mailbox rule on January 5, 2016, is untimely filed.

To recapitulate, Petitioner initiated this action by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) on November 10, 2015 pursuant to the mailbox rule. He is proceeding on an Amended Petition filed on January 5, 2016 pursuant to the mailbox rule.[7] Ground two of the Amended Petition was not raised in the original Petition and does not relate back to the timely-filed claims. See Mayle v. Felix, 545 U.S. 644, 656-57 (2005) (finding that a habeas petitioner's amended petition, filed after the one-year federal habeas limitations period had expired, did not arise out of the same "conduct, transaction, or occurrence" set forth in his

_____

[7] The Amended Petition was filed with the Clerk on January 11, 2016; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Amended Petition was filed on the date Petitioner provided his Amended Petition to prison authorities for mailing to this Court (January 5, 2016). See Houston v. Lack, 487 U.S. 266, 276 (1988); Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate pro se state court filings when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

original timely filed petition, and thus did not "relate back" to the date of the original petition; the amended petition asserted a new ground for relief supported by facts that differed in both time and type from those the original pleading set forth). Ground two presents a new ground for relief supported by facts that differ in both time and type from those raised in the original federal Petition. As a consequence, it does not relate back and is barred because it is untimely filed.

Alternatively, Petitioner is not entitled to habeas relief on ground two. Upon review, appellate counsel did not perform deficiently. <u>See</u> rationale under ground one. There is a reasonable basis for the state court to deny relief; therefore, the denial must be given deference. The 1st DCA's decision (Ex. G) is not inconsistent with Supreme Court precedent, including <u>Strickland</u> and its progeny. Thus, the state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts. Accordingly, ground two is due to be denied.

### C.  Ground Three

Petitioner in his third ground claims his trial counsel was ineffective for failure to do anything about a sleeping juror. Amended Petition at 21. Respondents first assert that this claim is untimely as it was not raised in the original petition and does not relate back to the original petition. Response at 18.

Like ground two above, the Court finds that this ground was not raised in the Petition, and it was untimely raised in the Amended Petition filed on January 5, 2016. The Petition did not include this ground, and the content of ground three is notably different from the claims raised in the Petition. Therefore, the claim does not relate back to original Petition filed on November 10, 2015.

Petitioner asserts that his Amended Petition is timely filed. See Reply at 5. In support of this contention, he references the timeliness page of his Amended Petition. Id. See Amended Petition at 32-34. Petitioner contends that his judgment did not become final until 90 days after the 1st DCA's decision because he could have sought certiorari review in the United States Supreme Court. Petition at 33. But, Petitioner failed to seek discretionary review in the Florida Supreme Court even though that court's jurisdiction was available to him after the 1st DCA rendered a written opinion; therefore, the United States Supreme Court would have lacked jurisdiction if Petitioner had filed a petition for certiorari without first seeking a petition for discretionary review. Gonzalez, 565 U.S. at 154 (finding lack of jurisdiction as the Supreme Court can review only judgments entered by a state court of last resort or of a lower state court if the state court of last resort has denied discretionary review). See Rule 13, Rules of the Supreme Court of the United States.

Petitioner does not assert equitable tolling or actual innocence to excuse his untimely filing of grounds two and three. Furthermore, the record does not support a cognizable actual innocence claim. He has failed to demonstrate that he has new evidence establishing actual innocence. Based on the record before the Court, Petitioner has not presented any justifiable reason why the dictates of the one-year limitation period should not be imposed upon him. Petitioner has failed to show an extraordinary circumstance, and he has not met the burden of showing that equitable tolling is warranted.[8] Ground three presents a new ground for relief supported by facts that differ in both time and type from those raised in the original federal Petition. As a consequence, it does not relate back and is barred because it is untimely filed.

In the alternative, Petitioner is not entitled to habeas relief on this ground. Petitioner exhausted this ground by raising it in his Rule 3.850 motion. Ex. L. The trial court denied relief, id. and the 1st DCA per curiam affirmed. Ex. P.

Upon review of the circuit court's order denying the Rule 3.850 motion, it sets forth the applicable two-pronged Strickland

_____

[8] In order to be entitled to equitable tolling a petitioner is required to demonstrate two criteria: (1) the diligent pursuit of his rights and (2) some extraordinary circumstance that stood in his way and that prevented timely filing. Agnew v. Florida, No. 16-14451, 2017 WL 962489, at *5 (S.D. Fla. Feb. 1, 2017), report and recommendation adopted by No. 1614451, 2017 WL 962486 (S.D. Fla. Feb. 22, 2017). It is the petitioner's burden of persuasion, and Petitioner has not met this burden.

- 20 -

standard as a preface to addressing the claims of ineffective assistance of counsel. Ex. L at 380. After conducting an evidentiary hearing, <u>id</u>. at 415-505, the trial court, finding Petitioner failed to demonstrate a legal deficiency by his trial counsel, provided the following explanation for denying post conviction relief:

> In Ground 2 of his Motion, the Defendant alleges that trial counsel was ineffective for failing to alert the trial judge of a sleeping juror, who had her head back and her mouth open during the testimony of the State's witnesses. However, this Court finds the bare record of Defendant's allegations, without more, is not credible based upon trial counsel's testimony at the evidentiary hearing and this Court's personal knowledge of both trial counsel and the trial judge. Specifically, Ms. Papa testified that had she been alerted to the fact a juror was sleeping, either by her own observations or the Defendant informing her, she would have approached the judge and addressed the issue. **This Court, knowing Ms. Papa is an experienced attorney**, and knowing that the trial judge is a very diligent judge, finds her testimony credible that had she seen a sleeping juror, she would have brought the issue to the attention of the trial judge, who would have remedied the situation. Likewise, this Court did not find the Defendant's testimony credible and did not find that the Defendant had produced substantial, competent evidence of a sleeping juror. <u>See</u> <u>Everett v. State</u>, 111 So.3d 202, 203 (Fla. 5th DCA 2013).

Ex. L at 382 (emphasis added). The 1st DCA affirmed this decision. Ex. P.

The trial court made factual findings, finding Petitioner presented no competent evidence of a sleeping juror. The court

also made a credibility determination, finding the testimony of defense counsel more credible than Petitioner's testimony. The court also recognized that Petitioner had experienced counsel; "[w]hen courts are examining the performance of an experienced trial counsel, the presumption that his conduct was reasonable is even stronger." Cummings v. Sec'y for Dep't of Corr., 588 F.3d 1331, 1364 (11th Cir. 2009) (quoting Chandler v. United States, 218 F.3d 1305, 1316 (11th Cir. 2000)), cert. denied, 562 U.S. 872 (2010).

Under these circumstances, defense counsel's performance cannot be deemed deficient. On this record, Petitioner has failed to carry his burden of showing that his counsel's representation fell outside that wide range of reasonably professional assistance. The circuit court rejected this claim of ineffective assistance of trial counsel. The 1st DCA affirmed. Thus, there is a qualifying state court decision under AEDPA. This Court presumes that the 1st DCA adjudicated the claim on its merits, as there is an absence of any indication or state-law procedural principles to the contrary. Also of note, the last adjudication on the merits is unaccompanied by an explanation. Thus, it is Petitioner's burden to show there was no reasonable basis for the state court to deny relief. With regard to this claim of ineffective assistance of counsel, he has not accomplished that task.

Since there is a reasonable basis for the court to deny relief, the denial must be given deference. Here, deference under

AEDPA should be given to the 1st DCA's adjudication. Its decision is not inconsistent with Supreme Court precedent, including Stickland and its progeny. The state court's adjudication of this claim is not contrary to or an unreasonable application of Strickland, or based on an unreasonable determination of the facts. Petitioner is not entitled to habeas relief based on his claim of ineffective assistance of counsel. Thus, ground three is due to be denied.

### D. Ground Four

Respondents contend that the claim raised in ground four is unexhausted and procedurally defaulted. Response at 20-22. Alternatively, they assert the claim is without merit. Id. at 23-24.

In his fourth ground, Petitioner raises the following claim: the ineffective assistance of trial counsel for failure to accuse an officer of committing fraud through a written report. Amended Petition at 25-29. Petitioner raised this claim in his Supplemental Motion, ground six. Ex. L at 199-211; 314-28. The circuit court found this ground untimely filed and procedurally

barred.[9]  Id. at 384-85.  As such, his claim is procedurally
defaulted.  An explanation follows.

It is axiomatic that before bringing a § 2254 habeas action in
federal court, a petitioner must exhaust all available state court
remedies.  28 U.S.C. § 2254(b)(1)(A).  In order to exhaust state
remedies, he must "fairly present[]" every issue raised in his
federal petition to the state's highest court, either through
direct appeal or collateral review.  Castille v. Peoples, 489 U.S.
346, 351 (1989) (emphasis omitted).  In order to properly exhaust
claims, "state prisoners must give the state courts one full
opportunity to resolve any constitutional issues by invoking one
complete round of the State's established appellate review
process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

The doctrine of procedural default requires the following:

_____

[9] Petitioner urges this Court to find that there is an
exception to the time-bar because the report should be deemed newly
discovered evidence, despite the trial attorney's awareness of the
report.  Reply at 7.  It is important to note that Petitioner's
assertion that the report should be deemed to be newly discovered
evidence was rejected by the trial court because Petitioner's
attorney was given a copy of the report during Officer Kindon's
deposition on August 3, 2007, prior to trial, and the court
concluded that Petitioner and his counsel knew about the report
prior to trial.  Ex. L at 385.  As such, the trial court concluded
that the report could not be deemed newly discovered evidence and
found the exception to the time requirement of Rule 3.850, Fla. R.
Crim P., inapplicable to this ground.  As noted by the trial court,
even if Petitioner did not become aware of the report, he could
have known of it by the use of due diligence as a copy of it was in
the possession of his counsel prior to trial.  Ex. L at 385
(relying on Gunn v. State, 872 So.2d 355 (Fla. 4th DCA 2004)
(citation omitted)).

Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. <u>See</u>, <u>e.g.</u>, <u>Coleman</u>, <u>supra</u>, at 747-748, 111 S.Ct. 2546; <u>Sykes</u>, <u>supra</u>, at 84-85, 97 S.Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. <u>See</u>, <u>e.g.</u>, <u>Walker v. Martin</u>, 562 U.S. ----, ----, 131 S.Ct. 1120, 1127-1128, 179 L.Ed.2d 62 (2011); <u>Beard v. Kindler</u>, 558 U.S. ----, ----, 130 S.Ct. 612, 617-618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. <u>See</u> <u>Coleman</u>, 501 U.S., at 750, 111 S.Ct. 2546.

<u>Martinez v. Ryan</u>, 566 U.S. 9-10 (2012).

Respondents assert that this Court is procedurally barred from reviewing ground four. Upon review, ground four is unexhausted because Petitioner failed to fairly raise his claim in the state court system, thus the trial court never considered the merits of this claim. <u>See</u> <u>Castille v. Peoples</u>, 489 U.S. at 351 (raising a claim in a procedural context in which its merits will not be considered does not constitute fair presentation).

Of import, procedural defaults may be excused under certain circumstances; "[a] petitioner who fails to exhaust his claim is procedurally barred from pursuing that claim on habeas review in federal court unless he shows either cause for and actual prejudice from the default or a fundamental miscarriage of justice from applying the default." <u>Lucas v. Sec'y, Dep't of Corr.</u>, 682 F.3d 1342, 1353 (11th Cir. 2012) (citing <u>Bailey v. Nagle</u>, 172 F.3d 1299, 1306 (11th Cir. 1999) (per curiam)), <u>cert</u>. <u>denied</u>, 568 U.S. 1104 (2013). Cause for the default must result from an objective factor external to the defense that prevented Petitioner from raising the claim which cannot be fairly attributable to Petitioner's own conduct, and in order to show prejudice, he must show that the errors at trial so disadvantaged him as to deny fundamental fairness. <u>Wright v. Hopper</u>, 169 F.3d 695, 706 (11th Cir.), <u>cert</u>. <u>denied</u>, 528 U.S. 934 (1999). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." <u>Johnson v. Ala.</u>, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), <u>cert</u>. <u>denied</u>, 535 U.S. 926 (2002).

On this record, the Court finds that the claim raised in ground four has not been exhausted and is procedurally barred since Petitioner failed to raised the claim in a procedurally correct manner. He has not shown either cause excusing the default or actual prejudice. Finally, he has not demonstrated that he is

entitled to the fundamental miscarriage of justice exception to this bar.

Petitioner did not fairly and/or properly present this federal constitutional claim of ineffective assistance of counsel to the state courts. Any further attempts to seek post conviction relief in the state courts on this ground will be unavailing. As such, he has procedurally defaulted this claim of ineffective assistance of counsel.

Alternatively, to the extent this claim should be addressed by this Court, the claim is due to be denied. The trial court while summarily denying the claim as untimely filed, also said "it was based upon speculation." Ex. L at 385. The court explained that habeas relief should not be granted based on tenuous speculation. Id. Looking to the State's Objection to Defendant's Second Supplemental Motion for Post Conviction Relief Adding Ground Six, the state explained that the report is signed and any disparities contained in the report are due to the variance in the time someone is arrested and the time someone is actually booked into the jail.[10] Ex. L at 329-31; 352-59. The state urged the court to find that Petitioner's claim for relief is unwarranted "on the basis of tenuous speculation[,]" relying on Davis v. State, 736 So.2d 1156, 1159 (Fla. 1999), which the court did so find. Ex. L at 331, 385.

---

[10] In this instance there was some delay in taking Petitioner to the pre-trial detention facility (clocked in at 15:34) due to an interrogation by a robbery detective. Id. at 330.

After a review of the record and consideration of the documents before the Court, Petitioner has failed to establish that his counsel was ineffective for failure to accuse the officer of committing fraud through a written report. It is clear that defense counsel was provided with a copy of the report prior to trial; therefore, there is no meritorious basis to claim that the report was in some way concealed from the defense. Certainly counsel cannot be found to be ineffective for failing to raise a meritless argument. Diaz v. Sec'y, Dep't of Corr., 402 F.3d 1136, 1142 (11th Cir.), cert. denied, 546 U.S. 1064 (2005). The rejection of this claim was not an unreasonable application of clearly established Supreme Court precedent nor was it based on an unreasonable factual finding.

To the extent the merits were reached, the state court's decision is entitled to AEDPA deference. The trial court denied relief based on a claim of ineffective assistance of counsel, and the 1st DCA affirmed. Ex. P. It is Petitioner's burden to show there was no reasonable basis for the state court to deny relief. He has not met this burden. Deference under AEDPA will be given to the 1st DCA's adjudication. Its decision is not inconsistent with Strickland and its progeny. It is not contrary to or an unreasonable application of Strickland, or based on an unreasonable determination of the facts. Thus, ground four is due to be denied. Petitioner is not entitled to habeas relief on this ground.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.     The Amended Petition for Writ of Habeas Corpus (Doc. 8) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.     The **Clerk of the Court** shall enter judgment accordingly and close this case.

3.     If Petitioner appeals the denial of his Amended Petition, **the Court denies a certificate of appealability**.[11]  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of December, 2017.

_____
BRIAN J. DAVIS
United States District Judge

---

[11] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Upon due consideration, this Court will deny a certificate of appealability.

sa 12/12
c:
Joshua Lingebach
Counsel of Record